# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TONY GOODSON,<br><br>      Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C10-95-LRR<br>No. CR07-43-LRR<br><br>**ORDER** |

*TABLE OF CONTENTS*

I.     *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    *REQUESTS FOR APPOINTMENT OF COUNSEL AND DISCOVERY.* . . . . *1*

III.   *REQUEST FOR EVIDENTIARY HEARING..* . . . . . . . . . . . . . . . . . . . . . *2*

IV.   *ANALYSIS ..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

V.    *CERTIFICATE OF APPEALABILITY..* . . . . . . . . . . . . . . . . . . . . . . . . *8*

VI.   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

This matter appears before the court on Tony Goodson's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 2). Tony Goodson ("the movant") filed the motion on December 16, 2010. On April 7, 2011, the court, among other things, directed the government to file a brief in response to the claims that the movant included in the motion. *See* April 7, 2011 Order (civil docket no. 4). On June 22, 2011, the government filed a resistance to the motion (civil docket no. 12). On July 11, 2011, the movant filed a reply to the government's resistance (civil docket no. 13). The court now turns to consider the movant's motion.

## II. REQUESTS FOR APPOINTMENT OF COUNSEL AND DISCOVERY

In the motion, the movant asks the court to appoint counsel to represent him in the

underlying matter. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court may appoint an attorney in an action that arises under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil cases); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating that an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Given the record, the court concludes that appointment of counsel is not warranted, especially considering that the movant knowingly and voluntarily pleaded guilty. Accordingly, the movant's request for appointment of counsel is denied.

In addition, the movant requests that the court invoke the process of discovery. Having reviewed the movant's claims in light of the record, the court concludes that good cause is lacking and, consequently, discovery is not warranted. *See* Rule Governing Section 2255 Proceedings 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought and, thus, the court finds that there is no good cause for further discovery. Based on the foregoing, the movant's request for discovery is denied.

### III.  REQUEST FOR EVIDENTIARY HEARING

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether

the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. And, it demonstrates that his other claims are without merit. As such, the court finds that there is no need for an

evidentiary hearing.

### *IV. ANALYSIS*

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concludes that all of the movant's claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). None of the movant's claims justify relief.[1]

Before turning to the movant's specific arguments, the court deems it appropriate to make several general observations. First, the movant knowingly and voluntarily pleaded guilty pursuant to an agreement that he and the government entered into in July of 2007. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power

---

[1] In the motion, the movant asserts that: (1) he received ineffective assistance of counsel during the plea process; (2) he received ineffective assistance based on the total accumulation of counsel's errors during the proceedings; (3) his mandatory life sentence is subject to collateral attack because prior convictions used to enhance his sentence have been vacated; and (4) his conviction and sentence violate the First, Second, Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.

to enter the conviction or impose the sentence.'" (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994)); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Second, it is clear that the court appropriately sentenced the movant. The court's application of the statutory mandatory minimum violates no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance of the evidence and uncharged relevant conduct may be considered so long as the sentence does not exceed the statutory maximum for the offense). Finally, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and their performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("To establish ineffective assistance of counsel[, the movant] must demonstrate: (1) his attorney's performance was deficient . . . and (2) he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different.").

More specifically, the court finds that the movant's assertions about counsel do not

establish that a violation of the Sixth Amendment occurred.[2] Contrary to the movant's assertions, counsel's performance did not cause the movant to enter an unknowing and involuntary plea; there are no serious derelictions on the part of counsel that show the movant's plea was not a knowing and intelligent act. The order of detention, the plea agreement, the plea hearing transcript, the report and recommendation to accept the guilty plea and the CJA voucher indicate the following: (1) the movant fully understood the charges that he faced; (2) the movant discussed the charges and the evidence in his case with counsel; (3) at the time he entered his guilty plea, the movant expressed full satisfaction with counsel and the advice that counsel provided; (4) counsel had access to the government's discovery materials; (5) the movant discussed his plea agreement with counsel and understood it; (6) at the time he entered his guilty plea, the movant acknowledged that nobody forced, threatened, pressured or coerced him to plead guilty; (7) counsel maintained that the discovery material supported a factual basis for the movant's guilty plea; (8) the movant and counsel discussed the elements of his offense; (9) the movant and counsel discussed the approximate sentence that the movant faced, the application of the sentencing guidelines, the evidence that the court would consider at sentencing and the possibility that the movant could be sentenced to a statutory minimum of life in prison; and (10) counsel appropriately investigated the movant's case.

In the motion, the movant makes several specific claims to support his contention that the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. First, the movant claims that counsel was ineffective because he failed to adequately advise the movant prior to his guilty plea. Specifically, the movant alleges that counsel

---

[2] Robert P. Montgomery and Eric Kenyatta Parrish represented the movant throughout the plea process. *See* Affidavit of Robert P. Montgomery (civil docket no. 11) at 1-3; Affidavit of Eric Kenyatta Parrish (civil docket no.10) at 1. Daniel O'Brien represented the movant after the movant entered his guilty plea and at sentencing. *See* Affidavit of Daniel O'Brien (civil docket no. 5) at 1.

improperly: (1) advised the movant that he would not face a mandatory minimum of life in prison; (2) advised the movant that his prior convictions constituted a single conviction for sentence-enhancement purposes under 21 U.S.C. § 851; (3) advised the movant that he would receive a lower sentence if he pleaded guilty; and (4) coerced the movant to plead guilty without conducting an independent investigation of the relevant facts and laws. As discussed above, the movant must satisfy the two-part *Strickland* test for ineffective assistance of counsel in order to successfully challenge the voluntariness of a guilty plea by alleging ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The movant has failed to prove either deficient performance or prejudice. Counsel comprehensively explained the plea agreement to the movant and adequately advised the movant prior to his guilty plea. Specifically, counsel adequately advised the movant of the law relevant to the determination of whether to plead guilty, informed the movant that he faced a mandatory minimum of life in prison if he pleaded guilty, advised the movant of the status of his prior convictions, advised the movant of the possible sentences that he faced and did not coerce the movant to plead guilty. Thus, the movant has not demonstrated that counsel's performance was deficient.

Further, the movant has not established that there is a reasonable probability that, but for counsel's allegedly deficient performance, the movant would not have pleaded guilty and instead would have gone to trial. *See id.* at 59. Thus, the movant has not demonstrated that he was prejudiced as a result of any of counsel's alleged deficiencies.

Second, the movant asserts that counsel was ineffective because of the total accumulation of errors in the proceedings. This is not a valid ground for the court to grant post-conviction relief. *See United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief."); *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (concluding that "the cumulative effect of alleged trial counsel errors is not grounds for granting habeas relief"); *Hall v.*

*Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) ("[A] habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."). Thus, the court finds that this claim is without merit.

Third, the movant argues that his mandatory life sentence is subject to collateral attack because the prior convictions used to enhance his sentence have been vacated. The United States Supreme Court has held that, if a defendant who received an enhanced federal sentence due to prior convictions in state court "is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994). However, in this case, the movant's state post-conviction claims are still pending and have not been vacated. *See* Government Exhibit 1 (civil docket no. 12-2); Government Exhibit 2 (civil docket no. 12-3). Thus, the movant's mandatory life sentence is not subject to collateral attack at this time.

Finally, the movant argues that his conviction and sentence violate the First, Second, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution. Although the movant claims that his sentence and conviction violate his constitutional rights, he does not provide additional support for this claim in either his memorandum in support of the motion (civil docket no. 2-3) or reply. After considering the record, the court finds that the movant's conviction and sentence comport with the Constitution. Thus, the court finds that this claim is without merit.

In sum, the alleged errors that the movant asserts do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Based on the foregoing, the court shall deny the movant's 28 U.S.C. § 2255 motion.

### V. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

*See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant

failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VI. CONCLUSION

The court finds that all of the movant's assertions under 28 U.S.C. § 2255 are without merit. **IT IS THEREFORE ORDERED:**

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 2) is denied.

(2) The movant's request for appointment of counsel is denied.

(3) The movant's request for discovery is denied.

(4) A certificate of appealability is denied.

**DATED** this 22nd day of February, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA